July, 1840.

Hamlin
v.
McCahill
and others.

---

## Hamlin *vs.* McCahill and others.

A mortgagee foreclosing a mortgage and making a prior incumbrancer a party defendant, with a notice that the premises would be sold subject to such prior incumbrancer's rights, and such incumbrancer not appearing, a decree was taken by default and for the foreclosure of his rights as well as of the other defendants, and the premises afterwards sold to a *bona fide* purchaser under such decree. The prior incumbrancer did not discover the fact, until three years had elapsed.—Held, that he could not defeat the title of the *bona fide* purchaser, but that he might consider the fund produced by the sale under the decree, as subject to his incumbrance, and proceed against the original complainant who had received it for the application to the payment of his incumbrance.

In the year 1836, the complainant in this cause filed his bill to foreclose a mortgage in this cause, executed by Richard McCahill. James Bennett, who had a prior mortgage upon the premises, was made a party defendant. The notice of object of suit served upon Bennett with the subpœna, contained this clause : " You will also take notice that the complainant claims that the said mortgaged premises should be sold, subject to the amount unpaid on the indenture of mortgage executed by the defendant Richard McCahill, to the said James Bennett." Bennett showed this notice to counsel, and was advised that it was neither necessary nor proper for him to appear—that the notice protected his rights.

July, 1840.

Hamlin
v.
McCahill
and others.

He did not appear. The complainant obtained a regular decree of sale Feb. 22, 1837, containing a clause foreclosing all the defendants, Bennet among the number. Under this decree, the premises were advertised by a master, and sold April 14, 1837, to George B. Chandler, who was a stranger, and admitted to be a *bona fide* purchaser. Bennett afterwards commenced the foreclosure of his mortgage, and made Chandler a party defendant. It was not until Chandler's answer came in, that Bennett ascertained that the sale to Chandler was made without reserving Bennett's rights in the mortgaged premises. He now presents a petition to open the decree of sale in this cause, and all subsequent proceedings, or for such other relief as the court shall think proper to grant.

*Le Grand Marvin,* for petitioner.

*Elijah Ford,* for the complainant

THE VICE CHANCELLOR. The course taken by the solicitor for the complainant in this cause, in relation to the defendant Bennett, was improper, unjustifiable, and almost if not quite fraudulent. From the tenor of the notice served upon Bennett, he had every reason to believe that the sale which might be made under the decree in this cause, would be made subject to Bennett's rights under his mortgage. Bennett was therefore right in neglecting to appear. The notice that he had received, justified him in not appearing. Notwithstanding this notice, however, a decree of foreclosure is rendered against him, and a sale is made under this decree to a *bona fide* purchaser. This was the fault, if not worse, of the complainant's solicitor.

After giving this notice to Bennett, he should not have taken such a decree. And there is nothing in the affidavits on the part of the complainant, which, to my mind, amounts to any thing like an excuse for this conduct. I should therefore very gladly give the petitioner all the relief upon this motion, which it was in my power to grant. But the decree in this cause was rendered more than three years since. It is regular on its face—the premises were bought in under it by a *bona fide* purchaser who paid his money for it, and has since made valuable improvements thereon. This money has been paid to the complainant, and is not now in court. After so long a lapse of time I cannot open this decree, particularly as against the purchaser. He has acted fairly, and without knowledge or suspicion, and must be protected. If the money was in court I could order it to be paid to the petitioner. But it is not. It has been paid to the complainant. It is out of the control of the court, and I doubt whether I can make any order in this matter which can be enforced against the complainant. Still, the complainant has money which of right and justice belongs to the petitioner. He has obtained that money through the instrumentality of a decree of this court. Yet an order to refund upon a petition, would be an anomaly, and I think could not be enforced.

It appears from the petition, that the petitioner has filed his bill to foreclose his own mortgage. Perhaps he might look upon this fund so improperly in the hands of the complainant, as a substitute for the mortgaged premises ; and by proper amendments to his bill, might reach it in that shape, and under the proceedings already commenced by him. If he choo-

ses so to amend his bill with a view of reaching that fund, I will grant an order on this petition, that he may so amend as he shall be advised.

Perhaps both the complainant and his solicitor, or one of them, may be liable in an action at law, for money had and received. The petitioner must take such course as he deems advisable. He has been wronged, and I regret that I cannot give him relief here. But I do not see how I can consistently with the practice of this court.

The petitioner may have an order to amend his bill mentioned in the petition as filed by him against Richard McCahill and others, as he shall be advised, if he chooses to take such an order. I cannot give him costs on this motion, and I shall not tax him with costs.